**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| Adams, Delsie, Allen, Mary ) | |
| Allen, Patricia, Allison, Susan ) | |
| Anderson, Pearline, Arft, Sarah ) | |
| Aroma, Constance Don, Atkins, Reva ) | |
| Auger, Diana, Avenido, Rosalina ) | |
| Averett, Gloria, Baczynski, Christine ) | **Case No: 3:14-cv-00138-JPG-DGW** |
| Bagley, Lottie, Bajric, Amira ) | |
| Banks, Carla, Barbee, Jonell ) | |
| Beck, Margaret, Belle, Eva Jean ) | |
| Benham Sandra, Bennett, Hattie ) | |
| Bennett, Denise, Bentley, Linda ) | |
| Berry, Hertha, Binion, Marion ) | |
| Blair, Marsha, Blankenship, Delina ) | |
| Boone, Mary, Boose, Francis ) | |
| Borton, Kathy, Broderick, Loretta ) | |
| Brown, Saundra, Brown, Vange ) | **JURY TRIAL DEMANDED** |
| Browning, Mary, Brue, Mary Ellen ) | |
| Burghardt, Carol, Calhoun, Bertha ) | |
| Callaghan, Donna, Cantone, Ann ) | |
| Cantone, Diane, Capaniro, Carolyn ) | |
| Carey, Susan, Carter, Ruth ) | |
| Castle, Emma, Chisholm, Marilyn ) | |
| Chittom, Rosie, Chrismer, Barbara ) | |
| Christian, Marie, Cline, Judy ) | |
| Cochran, Ezraline, Comegys, Sheila ) | |
| Conner, Gail, Craigen, Carie N. ) | |
| Cruz, Maria, Davenport, Teresa ) | |
| Davis, Lavonia, Dean, Robbie ) | |
| Decker, Janet, Demeter, Edit ) | |
| Dickerson, Donna, Dixon, Charlotte ) | |
| Dixon, Lola, Dorsey, Ellen ) | |
| Dowd, Brenda, Duckwall, Amalia ) | |
| Egbert, Wanda, Elswick, Debbie ) | |
| Englerth, JoAnne, English, Tammy ) | |
| Epps, Alicia, Estes, Wyoma ) | |
| Evans, Bobbie, Evans,  Jannie ) | |
| Ferguson, Amber, Fielder, Carolyn ) | |
| Filer, Janice, Floyd, Jessie M. ) | |
| Fontenot, Gail, Franklin, Darlene ) | |
| Fries, Betty, Fuller, Brenda ) | |
| Garcia-Ceja, Gloria, Garvin, Delorise ) | |
| Gooslin, Jamie, Gordon, Mary ) | |

Grant, Elizabeth, Green, Lynda                              )
Green, Dorothy, Greenhaw, Loraine                          )
Guevara, Aurora, Haddock, Lillie                           )
Hall, Camelia, Hall, Brenda                                )
Hammond, Judy, Hampton, Gladys                             )
Hampton, Paulette, Hanes, Connie                           )
Harding, Jeanne, Heard, Patria                             )
Hendrixson, Madline, Henemyre, Judy                        )
Hensley, Mildred, Herod, Gwendolyn                         )
Hicks, Mildred, Hobson, Desiree                            )
Holliday, Anica, Holmes, Bernice                           )
Hope, Paula, Huffman, Debbie                               )
Hurst, Norma, Hymowitz, Nettie                             )
Jackson-Lowe, Nadine, Jenkins, Rose                        )
Johnson, Delores, Johnson, Jeanne                          )
Jonas, Julie, Jones, Margarite                             )
Jones, Gennett, Jones, Joyce                               )
Jones, Peggy, Kates, Anne                                  )
Kathriner, Karen, Keith, Nona                              )
Kendrick, Sandra, Keye, Donna                              )
King, Bernice, Kingsby, Gloria                             )
Krausert, Jean, Kuykendall, Edna                           )
Ladson, Marilyn, Lagoy, Priscilla                          )
Lambert, Dianna, Landry, Melvina                           )
Lee, Idella, Leigh, Pearlie                                )
Lewis, Dorothy, Lizana, Candace                            )
Long, Linda J., Lowrimore, June                            )
Luckett, Yolanda Y., Mabey, Patricia A.                    )
Maggio, Jeannine, Marburger, Patricia                      )
Marrone, Alice, Martin-Baker, Rosetta                      )
Martin, Debra, Martin, Wanda                               )
Mathena, Linda, Mattern, Lee                               )
Mattingly, Karen, McAbee, Evelyn                           )
McAllister, Debbie, McIntyre, Queen                        )
McKinest, Cappie, McKinney, Lillie                         )
McNeese, Judy, McQueen, Louise                             )
Merritt, Sheila, Miles, Patsy                              )
Miller, Linda, Mitchell, Kim                               )
Montgomery, Linda, Muller, Loretta,                        )
Murray, Janet, Myers, Gloria                               )
Myrup, Jean, Nelson, Royalette                             )
Nguyen, Uyen, O'Connor-Braun, Joan                         )
O'Neal, Belinda, Ortega, Lauren                            )
Overbey, Priscilla, Palmer, Alecia                         )
Parmenter, Sharon, Parrish, Adaline                        )
Patterson, Mary, Patti, Joan                               )

Pearson, Mary, Pekar, Dolores                          )
Pickens, James E., Plessinger, Sonya                   )
Poisson, Nancy, Polite, Evelyn Rosemary                )
Ponce, Maribel, Pratt, Theresa                         )
Preciado, Marie Helena, Pulk, Yolanda                  )
Ratcliff, Tammy, Rathbone, Cynthia                     )
Raya, Sally A., Rebar, Mary                            )
Riggins, Amanda, Riley, Emily                          )
Riley, Peggy, Ritchie, Lisa                            )
Rives, Lucky, Roberson, Carolean                       )
Robinson, Doris, Roe, Patricia                         )
Russ, June, Sanchez, Denise                            )
Sanchez, Mary Ellen, Sartori, Jolene                   )
Saunders, Patricia, Scarso, Othell                     )
Seaver, Cynthia, Serio, Colleen                        )
Shamburger, Mary, Shaw, Martha                         )
Shelton, Shelby, Shterenberg, Sofia                    )
Simmons, Billie, Simpson, Gertrude                     )
Slade, Mary, Slagle, Susan                             )
Smith, Glenda, Smith, Vanessa                          )
Smith, Sheila, Steele, Florance                        )
Stevens, Wendy, Stevens, Sonya                         )
Stokes, Shirley, Stout, Stephanie                      )
Strickland, Monte, Strozier, Donna                     )
Swigart, Ann, Taylor, Iva                              )
Thibodeaux, Wendelin, Thilges, Marilyn                 )
Thomas, Octavia, Townes, Barbara                       )
Traylor, Marcella, Turner, Althea                      )
Turner, June, Tyler, Monique                           )
Valdez, Margie, Valenti, Louella                       )
VanAlstyne, Eleanor, VanArsdale, Penny                 )
Vaughan, Joanna, Vera, Rosina                          )
Villarreal, Diana O., Walden, Annabelle                )
Wallace, Donnah, Warren, Dawn L.                       )
Washington, Linda, Washington, Michelle                )
Washington, Shirley, Watkins, Diane                    )
Welch, Lilshirley, Wells, Catherine                    )
White-Doncontell, Rachel, Whylie, Edna                 )
Williams, JoAnn, Wilson, Doris                         )
Wilson, Ernestine D., Winfield, Geraldine              )
Winkler, Debbie, Wolford, Phyllis                      )
Wright, Shirley E., Youker, Darlene                    )
Young, Bettie                                          )
                                                       )
     **Plaintiffs,**                                )
                                                       )

| | |
|---|---|
| v. | ) |
| | ) |
| **Pfizer, Inc.;** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

COME NOW the Plaintiffs, by and through their attorneys, The Driscoll Firm PC and for their Complaint against PFIZER, INC. ("Defendant") and allege as follows:

### PARTIES AND JURISDICTION

1.    Plaintiff BARBARA TOWNES is and at all relevant times was a citizen and resident of the State of Wisconsin.  Plaintiff BARBARA TOWNES brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff BARBARA TOWNES was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

2.    Plaintiff MARCELLA TRAYLOR is and at all relevant times was a citizen and resident of the State of Mississippi.  Plaintiff MARCELLA TRAYLOR brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff MARCELLA TRAYLOR was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

3.    Plaintiff ALTHEA TURNER is and at all relevant times was a citizen and resident of the State of Missouri.  Plaintiff ALTHEA TURNER brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff ALTHEA TURNER was diagnosed

with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or or ailment as a result of ingestion of and/or exposure to LIPITOR.

4.      Plaintiff JUNE TURNER is and at all relevant times was a citizen and resident of the State of Maine.  Plaintiff JUNE TURNER brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff JUNE TURNER was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

5.      Plaintiff MONIQUE TYLER is and at all relevant times was a citizen and resident of the State of New Jersey.  Plaintiff MONIQUE TYLER brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff MONIQUE TYLER was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

6.      Plaintiff MARGIE VALDEZ is and at all relevant times was a citizen and resident of the State of Utah.  Plaintiff MARGIE VALDEZ brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff MARGIE VALDEZ was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

7.      Plaintiff  LOUELLA VALENTI is and at all relevant times was a citizen and resident of the State of Florida.  Plaintiff LOUELLA VALENTI brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate

result of being prescribed and ingesting LIPITOR, Plaintiff LOUELLA VALENTI was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

8. Plaintiff ELEANOR VANALSTYNE is and at all relevant times was a citizen and resident of the State of Massachusetts. Plaintiff ELEANOR VANALSTYNE brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff ELEANOR VANALSTYNE was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

9. Plaintiff PENNY VANARSDALE is and at all relevant times was a citizen and resident of the State of Michigan. Plaintiff PENNY VANARSDALE brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff PENNY VANARSDALE was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

10. Plaintiff JOANNA VAUGHAN is and at all relevant times was a citizen and resident of the State of North Carolina. Plaintiff JOANNA VAUGHAN brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff JOANNA VAUGHAN was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

11. Plaintiff ROSINA VERA is and at all relevant times was a citizen and resident of the State of Texas. Plaintiff ROSINA VERA brings this action for personal injuries sustained by

the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff ROSINA VERA was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

12.    Plaintiff DIANA O. VILLARREAL is and at all relevant times was a citizen and resident of the State of Texas.  Plaintiff DIANA O. VILLARREAL brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff DIANA O. VILLARREAL was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

13.    Plaintiff ANNABELLE WALDEN is and at all relevant times was a citizen and resident of the State of Ohio.  Plaintiff ANNABELLE WALDEN brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff ANNABELLE WALDEN was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

14.    Plaintiff  DONNAH WALLACE is and at all relevant times was a citizen and resident of the State of Oklahoma.  Plaintiff DONNAH WALLACE brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff DONNAH WALLACE was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

15.    Plaintiff DAWN L. WARREN is and at all relevant times was a citizen and

resident of the State of Georgia. Plaintiff DAWN L. WARREN brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff DAWN L. WARREN was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

16. Plaintiff LINDA WASHINGTON is and at all relevant times was a citizen and resident of the State of Missouri. Plaintiff LINDA WASHINGTON brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff LINDA WASHINGTON was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

17. Plaintiff MICHELLE WASHINGTON is and at all relevant times was a citizen and resident of the State of Missouri. Plaintiff MICHELLE WASHINGTON brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff MICHELLE WASHINGTON was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

18. Plaintiff SHIRLEY WASHINGTON is and at all relevant times was a citizen and resident of the State of Louisiana. Plaintiff SHIRLEY WASHINGTON brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff SHIRLEY WASHINGTON was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

19.    Plaintiff DIANE WATKINS is and at all relevant times was a citizen and resident of the State of Maryland.  Plaintiff DIANE WATKINS brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff DIANE WATKINS was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

20.    Plaintiff LILSHIRLEY WELCH is and at all relevant times was a citizen and resident of the State of New Hampshire.  Plaintiff LILSHIRLEY WELCH brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff LILSHIRLEY WELCH was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

21.    Plaintiff CATHERINE WELLS is and at all relevant times was a citizen and resident of the State of Ohio.  Plaintiff CATHERINE WELLS brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff CATHERINE WELLS was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

22.    Plaintiff RACHEL WHITE-DONCONTELL is and at all relevant times was a citizen and resident of the State of Texas.  Plaintiff RACHEL WHITE-DONCONTELL brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff RACHEL WHITE-DONCONTELL was diagnosed with Diabetes Mellitus Type II and/or suffered other

physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

23. Plaintiff EDNA WHYLIE is and at all relevant times was a citizen and resident of the State of Texas. Plaintiff EDNA WHYLIE brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff EDNA WHYLIE was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

24. Plaintiff JOANN WILLIAMS is and at all relevant times was a citizen and resident of the State of Florida. Plaintiff JOANN WILLIAMS brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff JOANN WILLIAMS was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

25. Plaintiff DORIS WILSON is and at all relevant times was a citizen and resident of the State of Texas. Plaintiff DORIS WILSON brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff DORIS WILSON was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

26. Plaintiff GERALDINE WINFIELD is and at all relevant times was a citizen and resident of the State of South Carolina. Plaintiff GERALDINE WINFIELD brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff GERALDINE

WINFIELD was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

27.    Plaintiff DEBBIE WINKLER is and at all relevant times was a citizen and resident of the State of Missouri.  Plaintiff DEBBIE WINKLER brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff DEBBIE WINKLER was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

28.    Plaintiff PHYLLIS WOLFORD is and at all relevant times was a citizen and resident of the State of Pennsylvania.  Plaintiff PHYLLIS WOLFORD brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff PHYLLIS WOLFORD was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

29.    Plaintiff SHIRLEY E. WRIGHT is and at all relevant times was a citizen and resident of the State of Nevada.  Plaintiff SHIRLEY E. WRIGHT brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff SHIRLEY E. WRIGHT was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

30.    Plaintiff DARLENE YOUKER is and at all relevant times was a citizen and resident of the State of Iowa.  Plaintiff DARLENE YOUKER brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate

result of being prescribed and ingesting LIPITOR, Plaintiff DARLENE YOUKER was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

31. Plaintiff BETTIE YOUNG is and at all relevant times was a citizen and resident of the State of Mississippi. Plaintiff BETTIE YOUNG brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff BETTIE YOUNG was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

32. Plaintiff DONNA KEYE is and at all relevant times was a citizen and resident of the State of California. Plaintiff DONNA KEYE brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff DONNA KEYE was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

33. Plaintiff CYNTHIA RATHBONE is and at all relevant times was a citizen and resident of the State of New York. Plaintiff CYNTHIA RATHBONE brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff CYNTHIA RATHBONE was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

34. Plaintiff FLORANCE STEELE is and at all relevant times was a citizen and resident of the State of New York. Plaintiff FLORANCE STEELE brings this action for

personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff FLORANCE STEELE was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

35. Plaintiff DONNA STROZIER is and at all relevant times was a citizen and resident of the State of New York. Plaintiff DONNA STROZIER brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff DONNA STROZIER was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

36. Plaintiff DORIS ROBINSON is and at all relevant times was a citizen and resident of the State of Florida. Plaintiff DORIS ROBINSON brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff DORIS ROBINSON was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

37. Plaintiff PATRICIA ROE is and at all relevant times was a citizen and resident of the State of Alabama. Plaintiff PATRICIA ROE brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff PATRICIA ROE was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

38. Plaintiff JUNE RUSS is and at all relevant times was a citizen and resident of the

State of North Carolina.  Plaintiff JUNE RUSS brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff JUNE RUSS was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

39.     Plaintiff DENISE SANCHEZ is and at all relevant times was a citizen and resident of the State of Texas.  Plaintiff DENISE SANCHEZ brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff DENISE SANCHEZ was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

40.     Plaintiff MARY ELLEN SANCHEZ is and at all relevant times was a citizen and resident of the State of Texas.  Plaintiff MARY ELLEN SANCHEZ brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff MARY ELLEN SANCHEZ was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

41.     Plaintiff JOLENE SARTORI is and at all relevant times was a citizen and resident of the State of Utah.  Plaintiff JOLENE SARTORI brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff JOLENE SARTORI was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

42.     Plaintiff PATRICIA SAUNDERS is and at all relevant times was a citizen and resident of the State of North Carolina.  Plaintiff PATRICIA SAUNDERS brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff PATRICIA SAUNDERS was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

43.     Plaintiff OTHELL SCARSO is and at all relevant times was a citizen and resident of the State of Georgia.  Plaintiff OTHELL SCARSO brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff OTHELL SCARSO was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

44.     Plaintiff CYNTHIA SEAVER is and at all relevant times was a citizen and resident of the State of California.  Plaintiff CYNTHIA SEAVER brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff CYNTHIA SEAVER was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

45.     Plaintiff COLLEEN SERIO is and at all relevant times was a citizen and resident of the State of Maryland. Plaintiff COLLEEN SERIO brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff COLLEEN SERIO was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of

ingestion of and/or exposure to LIPITOR.

46.     Plaintiff MARY SHAMBURGER is and at all relevant times was a citizen and resident of the State of Nevada.  Plaintiff MARY SHAMBURGER brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff MARY SHAMBURGER was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

47.     Plaintiff MARTHA SHAW is and at all relevant times was a citizen and resident of the State of Missouri.  Plaintiff MARTHA SHAW brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff MARTHA SHAW was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

48.     Plaintiff SHELBY SHELTON is and at all relevant times was a citizen and resident of the State of West Virginia.  Plaintiff SHELBY SHELTON brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff SHELBY SHELTON was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

49.     Plaintiff SOFIA SHTERENBERG is and at all relevant times was a citizen and resident of the State of Ohio.  Plaintiff SOFIA SHTERENBERG brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff SOFIA SHTERENBERG was

diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

50.    Plaintiff BILLIE SIMMONS is and at all relevant times was a citizen and resident of the State of Iowa.  Plaintiff BILLIE SIMMONS brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff BILLIE SIMMONS was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

51.    Plaintiff GERTRUDE SIMPSON is and at all relevant times was a citizen and resident of the State of Kentucky.  Plaintiff GERTRUDE SIMPSON brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff GERTRUDE SIMPSON was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

52.    Plaintiff  MARY SLADE is and at all relevant times was a citizen and resident of the State of North Carolina.  Plaintiff MARY SLADE brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff MARY SLADE was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

53.    SUSAN SLAGLE is and at all relevant times was a citizen and resident of the State of Michigan.  Plaintiff SUSAN SLAGLE brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being

prescribed and ingesting LIPITOR, Plaintiff SUSAN SLAGLE was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

54. Plaintiff GLENDA SMITH is and at all relevant times was a citizen and resident of the State of North Carolina. Plaintiff GLENDA SMITH brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff GLENDA SMITH was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

55. Plaintiff VANESSA SMITH is and at all relevant times was a citizen and resident of the State of Kentucky. Plaintiff VANESSA SMITH brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff VANESSA SMITH was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

56. Plaintiff SHEILA SMITH is and at all relevant times was a citizen and resident of the State of Minnesota. Plaintiff SHEILA SMITH brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff SHEILA SMITH was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

57. Plaintiff WENDY STEVENS is and at all relevant times was a citizen and resident of the State of Maine. Plaintiff WENDY STEVENS brings this action for personal

injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff WENDY STEVENS was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

58. Plaintiff SHIRLEY STOKES is and at all relevant times was a citizen and resident of the State of Georgia. Plaintiff SHIRLEY STOKES brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff SHIRLEY STOKES was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

59. Plaintiff STEPHANIE STOUT is and at all relevant times was a citizen and resident of the State of Virginia. Plaintiff STEPHANIE STOUT brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff STEPHANIE STOUT was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

60. Plaintiff MONTE STRICKLAND is and at all relevant times was a citizen and resident of the State of Alabama. Plaintiff MONTE STRICKLAND brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff MONTE STRICKLAND was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

61. Plaintiff ANN SWIGART is and at all relevant times was a citizen and resident of

the State of Ohio. Plaintiff ANN SWIGART brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff ANN SWIGART was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

62.     Plaintiff  IVA TAYLOR is and at all relevant times was a citizen and resident of the State of West Virginia.  Plaintiff IVA TAYLOR brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff IVA TAYLOR was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

63.     Plaintiff WENDELIN THIBODEAUX is and at all relevant times was a citizen and resident of the State of Texas. Plaintiff WENDELIN THIBODEAUX brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff WENDELIN THIBODEAUX was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

64.     Plaintiff  MARILYN THILGES is and at all relevant times was a citizen and resident of the State of Illinois. Plaintiff MARILYN THILGES brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff MARILYN THILGES was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

65.     Plaintiff OCTAVIA THOMAS is and at all relevant times was a citizen and resident of the State of Texas.  Plaintiff OCTAVIA THOMAS brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff OCTAVIA THOMAS was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

66.     Plaintiff JOAN PATTI  is and at all relevant times was a citizen and resident of the State of New York.  Plaintiff JOAN PATTI brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff JOAN PATTI was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

67.     Plaintiff LORETTA MULLER is and at all relevant times was a citizen and resident of the State of California.  Plaintiff LORETTA MULLER brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff LORETTA MULLER was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

68.     Plaintiff JANET MURRAY is and at all relevant times was a citizen and resident of the State of Iowa.  Plaintiff JANET MURRAY brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff JANET MURRAY was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of

ingestion of and/or exposure to LIPITOR.

69.    Plaintiff GLORIA MYERS is and at all relevant times was a citizen and resident of the State of Missouri.  Plaintiff GLORIA MYERS brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff GLORIA MYERS was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

70.    Plaintiff JEAN MYRUP is and at all relevant times was a citizen and resident of the State of Utah.  Plaintiff JEAN MYRUP brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff JEAN MYRUP was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

71.    Plaintiff ROYALETTE NELSON is and at all relevant times was a citizen and resident of the State of Maryland.  Plaintiff ROYALETTE NELSON brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff ROYALETTE NELSON was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

72.    Plaintiff  UYEN NGUYEN is and at all relevant times was a citizen and resident of the State of Oklahoma.  Plaintiff UYEN NGUYEN brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff UYEN NGUYEN was diagnosed with

Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

73.     Plaintiff JOAN O'CONNOR-BRAUN is and at all relevant times was a citizen and resident of the State of Nevada.  Plaintiff JOAN O'CONNOR-BRAUN brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff JOAN O'CONNOR-BRAUN was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

74.     Plaintiff BELINDA O'NEAL is and at all relevant times was a citizen and resident of the State of North Carolina.  Plaintiff BELINDA O'NEAL brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff BELINDA O'NEAL was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

75.     Plaintiff PRISCILLA OVERBEY is and at all relevant times was a citizen and resident of the State of Illinois.  Plaintiff PRISCILLA OVERBEY brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff PRISCILLA OVERBEY was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

76.     Plaintiff ALECIA PALMER is and at all relevant times was a citizen and resident of the State of South Carolina.  Plaintiff ALECIA PALMER brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate

result of being prescribed and ingesting LIPITOR, Plaintiff ALECIA PALMER was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

77.     Plaintiff SHARON PARMENTER is and at all relevant times was a citizen and resident of the State of Illinois.  Plaintiff SHARON PARMENTER brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff SHARON PARMENTER was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

78.     Plaintiff ADALINE PARRISH is and at all relevant times was a citizen and resident of the State of West Virginia.  Plaintiff ADALINE PARRISH brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff ADALINE PARRISH was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

79.     Plaintiff MARY PATTERSON is and at all relevant times was a citizen and resident of the State of New Jersey.  Plaintiff MARY PATTERSON brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff MARY PATTERSON was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

80.     Plaintiff MARY PEARSON is and at all relevant times was a citizen and resident of the State of Tennessee.  Plaintiff MARY PEARSON brings this action for personal injuries

sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff MARY PEARSON was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

81.     Plaintiff DOLORES PEKAR is and at all relevant times was a citizen and resident of the State of Texas.  Plaintiff DOLORES PEKAR brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff DOLORES PEKAR was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

82.     Plaintiff JAMES E. PICKENS is and at all relevant times was a citizen and resident of the State of Missouri.  Plaintiff JAMES E. PICKENS brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff JAMES E. PICKENS was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

83.     Plaintiff SONYA PLESSINGER is and at all relevant times was a citizen and resident of the State of South Carolina.  Plaintiff SONYA PLESSINGER brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff SONYA PLESSINGER was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

84.     Plaintiff NANCY POISSON is and at all relevant times was a citizen and resident

of the State of Maine. Plaintiff NANCY POISSON brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff NANCY POISSON was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

85. Plaintiff EVELYN ROSEMARY POLITE is and at all relevant times was a citizen and resident of the State of Florida. Plaintiff EVELYN ROSEMARY POLITE brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff EVELYN ROSEMARY POLITE was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

86. Plaintiff MARIBEL PONCE is and at all relevant times was a citizen and resident of the State of Nevada. Plaintiff MARIBEL PONCE brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff MARIBEL PONCE was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

87. Plaintiff THERESA PRATT is and at all relevant times was a citizen and resident of the State of Nevada. Plaintiff THERESA PRATT brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff THERESA PRATT was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

88.     Plaintiff MARIE HELENA PRECIADO is and at all relevant times was a citizen and resident of the State of Missouri.  Plaintiff MARIE HELENA PRECIADO brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff MARIE HELENA PRECIADO was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

89.     Plaintiff TAMMY RATCLIFF is and at all relevant times was a citizen and resident of the State of Ohio.  Plaintiff TAMMY RATCLIFF brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff TAMMY RATCLIFF was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

90.     Plaintiff SALLY A. RAYA is and at all relevant times was a citizen and resident of the State of Arizona.  Plaintiff SALLY A. RAYA brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff SALLY A. RAYA was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

91.     Plaintiff MARY REBAR is and at all relevant times was a citizen and resident of the State of South Dakota.  Plaintiff MARY REBAR brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff MARY REBAR was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion

of and/or exposure to LIPITOR.

92.    Plaintiff AMANDA RIGGINS is and at all relevant times was a citizen and resident of the State of Texas.  Plaintiff AMANDA RIGGINS brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff AMANDA RIGGINS was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

93.    Plaintiff EMILY RILEY is and at all relevant times was a citizen and resident of the State of Florida.  Plaintiff EMILY RILEY brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff EMILY RILEY was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

94.    Plaintiff PEGGY RILEY is and at all relevant times was a citizen and resident of the State of Mississippi.  Plaintiff PEGGY RILEY brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff PEGGY RILEY was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

95.    Plaintiff LISA RITCHIE is and at all relevant times was a citizen and resident of the State of Wisconsin.  Plaintiff LISA RITCHIE brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff LISA RITCHIE was diagnosed with Diabetes

Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

96. Plaintiff LUCKY RIVES is and at all relevant times was a citizen and resident of the State of Kentucky. Plaintiff LUCKY RIVES brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff LUCKY RIVES was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

97. Plaintiff CAROLEAN ROBERSON is and at all relevant times was a citizen and resident of the State of Michigan. Plaintiff CAROLEAN ROBERSON brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff CAROLEAN ROBERSON was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

98. Plaintiff LAUREN ORTEGA is and at all relevant times was a citizen and resident of the State of New York. Plaintiff LAUREN ORTEGA brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff LAUREN ORTEGA was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

99. Plaintiff EDNA KUYKENDALL is and at all relevant times was a citizen and resident of the State of Missouri. Plaintiff EDNA KUYKENDALL brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and

proximate result of being prescribed and ingesting LIPITOR, Plaintiff EDNA KUYKENDALL was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

100.    Plaintiff MARILYN LADSON is and at all relevant times was a citizen and resident of the State of North Carolina.  Plaintiff MARILYN LADSON brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff MARILYN LADSON was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

101.    Plaintiff DIANNA LAMBERT is and at all relevant times was a citizen and resident of the State of West Virginia.  Plaintiff DIANNA LAMBERT brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff DIANNA LAMBERT was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

102.    Plaintiff IDELLA LEE is and at all relevant times was a citizen and resident of the State of Missouri.  Plaintiff IDELLA LEE brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff IDELLA LEE was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

103.    Plaintiff DOROTHY LEWIS is and at all relevant times was a citizen and resident of the State of North Carolina.  Plaintiff DOROTHY LEWIS brings this action for personal

injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff DOROTHY LEWIS was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

104.   Plaintiff CANDACE LIZANA is and at all relevant times was a citizen and resident of the State of Mississippi.  Plaintiff CANDACE LIZANA brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff CANDACE LIZANA was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

105.   Plaintiff JUNE LOWRIMORE is and at all relevant times was a citizen and resident of the State of Oklahoma.  Plaintiff JUNE LOWRIMORE brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff JUNE LOWRIMORE was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

106.   Plaintiff YOLANDA Y. LUCKETT is and at all relevant times was a citizen and resident of the State of Wisconsin.  Plaintiff YOLANDA Y. LUCKETT brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff YOLANDA LUCKETT was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

107.   Plaintiff PATRICIA A. MABEY is and at all relevant times was a citizen and

resident of the State of Florida.  Plaintiff PATRICIA A. MABEY brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff PATRICIA A. MABEY was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

108.     Plaintiff JEANNINE MAGGIO is and at all relevant times was a citizen and resident of the State of Nebraska.  Plaintiff JEANNINE MAGGIO brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff JEANNINE MAGGIO was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

109.     Plaintiff PATRICIA MARBURGER is and at all relevant times was a citizen and resident of the State of Ohio.  Plaintiff PATRICIA MARBURGER brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff PATRICIA MARBURGER was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

110.     Plaintiff ALICE MARRONE is and at all relevant times was a citizen and resident of the State of Texas.  Plaintiff ALICE MARRONE brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff ALICE MARRONE was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

111.    Plaintiff DEBRA MARTIN is and at all relevant times was a citizen and resident of the State of Missouri.  Plaintiff DEBRA MARTIN brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff DEBRA MARTIN was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

112.    Plaintiff WANDA MARTIN is and at all relevant times was a citizen and resident of the State of Alabama.  Plaintiff WANDA MARTIN brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff WANDA MARTIN was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

113.    Plaintiff ROSETTA MARTIN-BAKER is and at all relevant times was a citizen and resident of the State of North Carolina.  Plaintiff ROSETTA MARTIN-BAKER brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff ROSETTA MARTIN-BAKER was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

114.    Plaintiff LINDA MATHENA is and at all relevant times was a citizen and resident of the State of Ohio.  Plaintiff LINDA MATHENA brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff LINDA MATHENA was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a

result of ingestion of and/or exposure to LIPITOR.

115.    Plaintiff LEE MATTERN is and at all relevant times was a citizen and resident of the State of Indiana.  Plaintiff LEE MATTERN brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff LEE MATTERN was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

116.    Plaintiff KAREN MATTINGLY is and at all relevant times was a citizen and resident of the State of North Carolina.  Plaintiff KAREN MATTINGLY brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff KAREN MATTINGLY was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

117.    Plaintiff EVELYN MCABEE is and at all relevant times was a citizen and resident of the State of Texas.  Plaintiff EVELYN MCABEE brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff EVELYN MCABEE was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

118.    Plaintiff DEBBIE MCALLISTER is and at all relevant times was a citizen and resident of the State of Texas.  Plaintiff DEBBIE MCALLISTER brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff DEBBIE MCALLISTER was

diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

119. Plaintiff QUEEN MCINTYRE is and at all relevant times was a citizen and resident of the State of Florida. Plaintiff QUEEN MCINTYRE brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff QUEEN MCINTYRE was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

120. Plaintiff CAPPIE MCKINEST is and at all relevant times was a citizen and resident of the State of Mississippi. Plaintiff CAPPIE MCKINEST brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff CAPPIE MCKINEST was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

121. Plaintiff LILLIE MCKINNEY is and at all relevant times was a citizen and resident of the State of North Carolina. Plaintiff LILLIE MCKINNEY brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff LILLIE MCKINNEY was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

122. Plaintiff JUDY MCNEESE is and at all relevant times was a citizen and resident of the State of Texas. Plaintiff JUDY MCNEESE brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of

being prescribed and ingesting LIPITOR, Plaintiff JUDY MCNEESE was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

123. Plaintiff SHEILA MERRITT is and at all relevant times was a citizen and resident of the State of Maryland. Plaintiff SHEILA MERRITT brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff SHEILA MERRITT was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

124. Plaintiff PATSY MILES is and at all relevant times was a citizen and resident of the State of North Carolina. Plaintiff PATSY MILES brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff PATSY MILES was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

125. Plaintiff LINDA MILLER is and at all relevant times was a citizen and resident of the State of Wisconsin. Plaintiff LINDA MILLER brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff LINDA MILLER was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

126. Plaintiff KIM MITCHELL is and at all relevant times was a citizen and resident of the State of California. Plaintiff KIM MITCHELL brings this action for personal injuries

sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff KIM MITCHELL was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

127. Plaintiff LINDA MONTGOMERY is and at all relevant times was a citizen and resident of the State of New York. Plaintiff LINDA MONTGOMERY brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff LINDA MONTGOMERY was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

128. Plaintiff ERNESTINE WILSON is and at all relevant times was a citizen and resident of the State of New York. Plaintiff ERNESTINE WILSON brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff ERNESTINE WILSON was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

129. Plaintiff ROSALINA AVENIDO is and at all relevant times was a citizen and resident of the State of New Jersey. Plaintiff ROSALINA AVENIDO brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff ROSALINA AVENIDO was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

130. Plaintiff EMMA CASTLE is and at all relevant times was a citizen and resident

of the State of Kentucky.  Plaintiff EMMA CASTLE brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff EMMA CASTLE was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

131.   Plaintiff  EDIT DEMETER is and at all relevant times was a citizen and resident of the State of Illinois.  Plaintiff EDIT DEMETER brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff EDIT DEMETER was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

132.   Plaintiff YOLANDA PULK is and at all relevant times was a citizen and resident of the State of Michigan.  Plaintiff YOLANDA PULK brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff YOLANDA PULK was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

133.   Plaintiff JEANNE HARDING is and at all relevant times was a citizen and resident of the State of Texas.  Plaintiff JEANNE HARDING brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff JEANNE HARDING was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

134. Plaintiff PATRIA HEARD is and at all relevant times was a citizen and resident of the State of Missouri. Plaintiff PATRIA HEARD brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff PATRIA HEARD was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

135. Plaintiff MADLINE HENDRIXSON is and at all relevant times was a citizen and resident of the State of Alabama. Plaintiff MADLINE HENDRIXSON brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff MADLINE HENDRIXSON was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

136. Plaintiff JUDY HENEMYRE is and at all relevant times was a citizen and resident of the State of Kentucky. Plaintiff JUDY HENEMYRE brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff JUDY HENMYRE was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

137. Plaintiff MILDRED HENSLEY is and at all relevant times was a citizen and resident of the State of Florida. Plaintiff MILDRED HENSLEY brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff MILDRED HENSLEY was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or

ailment as a result of ingestion of and/or exposure to LIPITOR.

138. Plaintiff GWENDOLYN HEROD is and at all relevant times was a citizen and resident of the State of South Carolina. Plaintiff GWENDOLYN HEROD brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff GWENDOLYN HEROD was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

139. Plaintiff MILDRED HICKS is and at all relevant times was a citizen and resident of the State of Alabama. Plaintiff MILDRED HICKS brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff MILDRED HICKS was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

140. Plaintiff DESIREE HOBSON is and at all relevant times was a citizen and resident of the State of Virginia. Plaintiff DESIREE HOBSON brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff DESIREE HOBSON was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

141. Plaintiff ANICA HOLLIDAY is and at all relevant times was a citizen and resident of the State of Illinois. Plaintiff ANICA HOLIDAY brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff ANICA HOLLIDAY was diagnosed

with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

142. Plaintiff BERNICE HOLMES is and at all relevant times was a citizen and resident of the State of Florida. Plaintiff BERNICE HOLMES brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff BERNICE HOLMES was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

143. Plaintiff PAULA HOPE is and at all relevant times was a citizen and resident of the State of Florida. Plaintiff PAULA HOPE brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff PAULA HOPE was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

144. Plaintiff DEBBIE HUFFMAN is and at all relevant times was a citizen and resident of the State of West Virginia. Plaintiff DEBBIE HUFFMAN brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff DEBBIE HUFFMAN was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

145. Plaintiff NORMA HURST, by and through her Next of Kin, Personal Representative, and/or Estate by way of Jacklyn Harrimon, was all relevant times a citizen and resident of the State of Texas. Plaintiff NORMA HURST brings this action for personal injuries

sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff NORMA HURST was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

146.   Plaintiff NETTIE HYMOWITZ is and at all relevant times was a citizen and resident of the State of California.  Plaintiff NETTIE HYMOWITZ brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff HYMOWITZ was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

147.   Plaintiff NADINE JACKSON-LOWE is and at all relevant times was a citizen and resident of the State of Virginia.  Plaintiff NADINE JACKSON-LOWE brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff NADINE JACKSON-LOWE was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

148.   Plaintiff DELORES JOHNSON is and at all relevant times was a citizen and resident of the State of Oregon.  Plaintiff DELORES JOHNSON brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff DELORES JOHNSON was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

149.   Plaintiff JEANNE JOHNSON is and at all relevant times was a citizen and

resident of the State of Louisiana. Plaintiff JEANNE JOHNSON brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff JEANNE JOHNSON was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

150. Plaintiff JULIE JONAS is and at all relevant times was a citizen and resident of the State of Ohio. Plaintiff JULIE JONAS brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff JULIE JONAS was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

151. Plaintiff MARGARITE JONES is and at all relevant times was a citizen and resident of the State of Alabama. Plaintiff MARGARITE JONES brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff MARGARITE JONES was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

152. Plaintiff GENNETT JONES is and at all relevant times was a citizen and resident of the State of Nebraska. Plaintiff GENNETT JONES brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff GENNETT JONES was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

153.    Plaintiff JOYCE JONES is and at all relevant times was a citizen and resident of the State of Texas.  Plaintiff JOYCE JONES brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff JOYCE JONES was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

154.    Plaintiff PEGGY JONES is and at all relevant times was a citizen and resident of the State of Arizona.  Plaintiff PEGGY JONES brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff PEGGY JONES was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

155.    Plaintiff ANNE KATES is and at all relevant times was a citizen and resident of the State of Ohio.  Plaintiff ANNE KATES brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff ANNE KATES was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

156.    Plaintiff KAREN KATHRINER is and at all relevant times was a citizen and resident of the State of Oregon.  Plaintiff KAREN KATHRINER brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff KAREN KATHRINER was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or

ailment as a result of ingestion of and/or exposure to LIPITOR.

157. Plaintiff NONA KEITH is and at all relevant times was a citizen and resident of the State of Washington. Plaintiff NONA KEITH brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff NONA KEITH was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

158. Plaintiff SANDRA KENDRICK is and at all relevant times was a citizen and resident of the State of Ohio. Plaintiff SANDRA KENDRICK brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff SANDRA KENDRICK was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

159. Plaintiff BERNICE KING is and at all relevant times was a citizen and resident of the State of Florida. Plaintiff BERNICE KING brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff BERNICE KING was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

160. Plaintiff GLORIA KINGSBY is and at all relevant times was a citizen and resident of the State of Wisconsin. Plaintiff GLORIA KINGSBY brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff GLORIA KINGSBY was diagnosed

with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

161. Plaintiff JEAN KRAUSERT is and at all relevant times was a citizen and resident of the State of Oregon. Plaintiff JEAN KRAUSERT brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff JEAN KRAUSERT was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

162. Plaintiff LOUISE MCQUEEN is and at all relevant times was a citizen and resident of the State of New York. Plaintiff LOUISE MCQUEEN brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff LOUISE MCQUEEN was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

163. Plaintiff SONYA STEVENS is and at all relevant times was a citizen and resident of the State of New York. Plaintiff SONYA STEVENS brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff SONYA STEVENS was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

164. Plaintiff DEBBIE ELSWICK is and at all relevant times was a citizen and resident of the State of Kentucky. Plaintiff DEBBIE ELSWICK brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate

result of being prescribed and ingesting LIPITOR, Plaintiff DEBBIE ELSWICK was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

165. Plaintiff TAMMY ENGLISH is and at all relevant times was a citizen and resident of the State of California. Plaintiff TAMMY ENGLISH brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff TAMMY ENGLISH was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

166. Plaintiff ALICIA EPPS is and at all relevant times was a citizen and resident of the State of Massachusetts. Plaintiff ALICIA EPPS brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff ALICIA EPPS was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

167. Plaintiff  WYOMA ESTES is and at all relevant times was a citizen and resident of the State of Kentucky. Plaintiff WYOMA ESTES brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff WYOMA ESTES was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

168. Plaintiff BOBBIE EVANS is and at all relevant times was a citizen and resident of the State of North Carolina. Plaintiff BOBBIE EVANS brings this action for personal injuries

sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff BOBBIE EVANS was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

169.   Plaintiff JANNIE EVANS is and at all relevant times was a citizen and resident of the State of Alabama.   Plaintiff JANNIE EVANS brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff JANNIE EVANS was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

170.   Plaintiff AMBER FERGUSON is and at all relevant times was a citizen and resident of the State of Illinois.  Plaintiff AMBER FERGUSON brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff AMBER FERGUSON was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

171.   Plaintiff CAROLYN FIELDER is and at all relevant times was a citizen and resident of the State of Missouri.  Plaintiff CAROLYN FIELDER brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff CAROLYN FIELDER was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

172.   Plaintiff JANICE FILER is and at all relevant times was a citizen and resident of

the State of Alabama.  Plaintiff JANICE FILER brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff JANICE FILER was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

173.   Plaintiff JESSIE FLOYD is and at all relevant times was a citizen and resident of the State of Florida.  Plaintiff JESSIE FLOYD brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff JESSIE FLOYD was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

174.   Plaintiff GAIL FONTENOT is and at all relevant times was a citizen and resident of the State of Louisiana.  Plaintiff GAIL FONTENOT brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff GAIL FONTENOT was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

175.   Plaintiff DARLENE FRANKLIN is and at all relevant times was a citizen and resident of the State of Kentucky.  Plaintiff DARLENE FRANKLIN brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff DARLENE FRANKLIN was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

176.    Plaintiff BETTY FRIES is and at all relevant times was a citizen and resident of the State of Maryland.  Plaintiff BETTY FRIES brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff BETTY FRIES was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

177.    Plaintiff BRENDA FULLER is and at all relevant times was a citizen and resident of the State of Iowa.  Plaintiff BRENDA FULLER brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff BRENDA FULLER was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

178.    Plaintiff GLORIA GARCIA-CEJA is and at all relevant times was a citizen and resident of the State of Arizona.  Plaintiff GLORIA GARCIA-CEJA brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff GLORIA GARCIA-CEJA was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

179.    Plaintiff DELORISE GARVIN is and at all relevant times was a citizen and resident of the State of Florida.  Plaintiff DELORISE GARVIN brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff DELORISE GARVIN was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a

result of ingestion of and/or exposure to LIPITOR.

180.    Plaintiff JAMIE GOOSLIN is and at all relevant times was a citizen and resident of the State of Ohio.  Plaintiff JAMIE GOOSLIN brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff JAMIE GOOSLIN was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

181.    Plaintiff MARY GORDON is and at all relevant times was a citizen and resident of the State of Pennsylvania.  Plaintiff MARY GORDON brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff MARY GORDON was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

182.    Plaintiff ELIZABETH GRANT is and at all relevant times was a citizen and resident of the State of Ohio.  Plaintiff ELIZABETH GRANT brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff ELIZABETH GRANT was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

183.    Plaintiff LYNDA GREEN is and at all relevant times was a citizen and resident of the State of Louisiana.  Plaintiff LYNDA GREEN brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff LYNDA GREEN was diagnosed with

Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

184.    Plaintiff DOROTHY GREEN is and at all relevant times was a citizen and resident of the State of Texas.  Plaintiff DOROTHY GREEN brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff DOROTHY GREEN was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

185.    Plaintiff LORAINE GREENHAW is and at all relevant times was a citizen and resident of the State of Oklahoma.  Plaintiff LORAINE GREENHAW brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff LORAINE GREENHAW was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

186.    Plaintiff AURORA GUEVARA is and at all relevant times was a citizen and resident of the State of Pennsylvania.  Plaintiff AURORA GUEVARA brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff AURORA GUEVARA was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

187.    Plaintiff LILLIE HADDOCK is and at all relevant times was a citizen and resident of the State of Georgia.  Plaintiff LILLIE HADDOCK brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate

result of being prescribed and ingesting LIPITOR, Plaintiff LILLIE HADDOCK was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

188.     Plaintiff CAMELIA HALL is and at all relevant times was a citizen and resident of the State of Louisiana.  Plaintiff CAMELIA HALL brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff CAMELIA HALL was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

189.     Plaintiff BRENDA HALL is and at all relevant times was a citizen and resident of the State of West Virginia.  Plaintiff BRENDA HALL brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff BRENDA HALL was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

190.     Plaintiff JUDY HAMMOND is and at all relevant times was a citizen and resident of the State of Georgia.  Plaintiff JUDY HAMMOND brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff JUDY HAMMOND was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

191.     Plaintiff GLADYS HAMPTON is and at all relevant times was a citizen and resident of the State of Maryland.  Plaintiff GLADYS HAMPTON brings this action for personal

injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff GLADYS HAMPTON was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

192.    Plaintiff PAULETTE HAMPTON is and at all relevant times was a citizen and resident of the State of Maryland.  Plaintiff PAULETTE HAMPTON brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff PAULETTE HAMPTON was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

193.    Plaintiff CONNIE HANES is and at all relevant times was a citizen and resident of the State of Florida.  Plaintiff CONNIE HANES brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff CONNIE HANES was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

194.    Plaintiff PRISCILLA LAGOY is and at all relevant times was a citizen and resident of the State of New York.  Plaintiff PRISCILLA LAGOY brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff PRISCILLA LAGOY was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

195.    Plaintiff PEARLIE LEIGH is and at all relevant times was a citizen and resident

of the State of New York.  Plaintiff PEARLIE LEIGH brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff PEARLIE LEIGH was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

196.   Plaintiff MARY BROWNING is and at all relevant times was a citizen and resident of the State of Florida.  Plaintiff MARY BROWNING brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff MARY BROWNING was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

197.   Plaintiff MARY ELLEN BRUE is and at all relevant times was a citizen and resident the State of Wisconsin.  Plaintiff MARY ELLEN BRUE brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff MARY ELLEN BRUE was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

198.   Plaintiff CAROL BURGHARDT is and at all relevant times was a citizen and resident of the State of Pennsylvania.  Plaintiff CAROL BURGHARDT brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff CAROL BURGHARDT was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

199.   Plaintiff BERTHA CALHOUN is and at all relevant times was a citizen and resident of the State of West Virginia.  Plaintiff BERTHA CALHOUN brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff BERTHA CALHOUN was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

200.   Plaintiff ANN CANTONE is and at all relevant times was a citizen and resident of the State of Florida.  Plaintiff ANN CANTONE brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff ANN CANTONE was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

201.   Plaintiff DIANE CANTONE is and at all relevant times was a citizen and resident of the State of Florida.  Plaintiff DIANE CANTONE brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff DIANE CANTONE was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

202.   Plaintiff CAROLYN CAPANIRO is and at all relevant times was a citizen and resident of the State of Ohio.  Plaintiff CAROLYN CAPANIRO brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff CAROLYN CAPANIRO was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or

ailment as a result of ingestion of and/or exposure to LIPITOR.

203. Plaintiff SUSAN CAREY is and at all relevant times was a citizen and resident of the State of Michigan. Plaintiff SUSAN CAREY brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff SUSAN CAREY was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

204. Plaintiff RUTH CARTER is and at all relevant times was a citizen and resident of the State of Mississippi. Plaintiff RUTH CARTER brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff RUTH CARTER was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

205. Plaintiff MARILYN CHISHOLM is and at all relevant times was a citizen and resident of the State of South Carolina. Plaintiff MARILYN CHISHOLM brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff MARILYN CHISHOLM was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

206. Plaintiff ROSIE CHITTOM is and at all relevant times was a citizen and resident of the State of Mississippi. Plaintiff ROSIE CHITTOM brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff ROSIE CHITTOM was diagnosed with

Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

207.   Plaintiff BARBARA CHRISMER is and at all relevant times was a citizen and resident of the State of Pennsylvania.  Plaintiff BARBARA CHRISMER brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff BARBARA CHRISMER was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

208.   Plaintiff MARIE CHRISTIAN is and at all relevant times was a citizen and resident of the State of Missouri.  Plaintiff MARIE CHRISTIAN brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff MARIE CHRISTIAN was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

209.   Plaintiff JUDY CLINE is and at all relevant times was a citizen and resident of the State of Utah.  Plaintiff JUDY CLINE brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff JUDY CLINE was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

210.   Plaintiff EZRALINE COCHRAN is and at all relevant times was a citizen and resident of the State of Georgia.   Plaintiff EZRALINE COCHRAN brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and

proximate result of being prescribed and ingesting LIPITOR, Plaintiff EZRALINE COCHRAN was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

211.    Plaintiff SHEILA COMEGYS is and at all relevant times was a citizen and resident of the State of Maryland.  Plaintiff SHEILA COMEGYS brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff SHEILA COMEGYS was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

212.    Plaintiff GAIL CONNER is and at all relevant times was a citizen and resident of the State of Georgia.  Plaintiff GAIL CONNER brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff GAIL CONNER was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

213.    Plaintiff CARIE CRAIGEN is and at all relevant times was a citizen and resident of the State of Wisconsin.  Plaintiff CARIE CRAIGEN brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff CARIE CRAIGEN was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

214.    Plaintiff MARIA CRUZ is and at all relevant times was a citizen and resident of the State of Ohio.  Plaintiff MARIA CRUZ brings this action for personal injuries sustained by

the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff MARIA CRUZ was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

215.   Plaintiff TERESA DAVENPORT is and at all relevant times was a citizen and resident of the State of West Virginia.  Plaintiff TERESA DAVENPORT brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff TERESA DAVENPORT was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

216.   Plaintiff LAVONIA DAVIS is and at all relevant times was a citizen and resident of the State of Pennsylvania.  Plaintiff LAVONIA DAVIS brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff LAVONIA DAVIS was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

217.   Plaintiff ROBBIE DEAN is and at all relevant times was a citizen and resident of the State of Texas.  Plaintiff ROBBIE DEAN brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff ROBBIE DEAN was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

218.   Plaintiff **JANET DECKER** is and at all relevant times was a citizen and resident

of the State of Maryland.  Plaintiff **JA**NET DECKER brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff JANET DECKER was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

219.    Plaintiff DONNA DICKERSON is and at all relevant times was a citizen and resident of the State of Illinois.  Plaintiff DONNA DICKERSON brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff DONNA DICKERSON was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

220.    Plaintiff CHARLOTTE DIXON is and at all relevant times was a citizen and resident of the State of Kentucky.  Plaintiff  brings this action for CHARLOTTE DIXON personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff CHARLOTTE DIXON was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

221.    Plaintiff LOLA DIXON is and at all relevant times was a citizen and resident of the State of Virginia.  Plaintiff LOLA DIXON brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff LOLA DIXON was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

222.    Plaintiff ELLEN DORSEY is and at all relevant times was a citizen and resident of the State of Maryland.  Plaintiff ELLEN DORSEY brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff ELLEN DORSEY was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

223.    Plaintiff BRENDA DOWD is and at all relevant times was a citizen and resident of the State of Florida.  Plaintiff BRENDA DOWD brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff BRENDA DOWD was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

224.    Plaintiff AMALIA DUCKWALL is and at all relevant times was a citizen and resident of the State of Indiana.  Plaintiff AMALIA DUCKWALL brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff AMALIA DUCKWALL was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

225.    Plaintiff WANDA EGBERT is and at all relevant times was a citizen and resident of the State of Kentucky.  Plaintiff WANDA EGBERT brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff WANDA EGBERT was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of

ingestion of and/or exposure to LIPITOR.

226.    Plaintiff MARY BOONE is and at all relevant times was a citizen and resident of the State of Kentucky.  Plaintiff MARY BOONE brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff MARY BOONE was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

227.    Plaintiff LINDA LONG is and at all relevant times was a citizen and resident of the State of Delaware.  Plaintiff LINDA LONG brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff LINDA LONG was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

228.    Plaintiff JOANNE ENGLERTH is and at all relevant times was a citizen and resident of the State of New York.  Plaintiff JOANNE ENGLERTH brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff JOANNE ENGLERTH was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

229.    Plaintiff ROSE JENKINS is and at all relevant times was a citizen and resident of the State of New York.  Plaintiff ROSE JENKINS brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff ROSE JENKINS was diagnosed with

Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

230.    Plaintiff DELSIE ADAMS is and at all relevant times was a citizen and resident of the District of Columbia.  Plaintiff DELSIE ADAMS brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff DELSIE ADAMS was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

231.    Plaintiff MARY ALLEN is and at all relevant times was a citizen and resident of the State of Texas.  Plaintiff MARY ALLEN brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff MARY ALLEN was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

232.    Plaintiff PATRICIA ALLEN is and at all relevant times was a citizen and resident of the State of Tennessee.  Plaintiff PATRICIA ALLEN brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff PATRICIA ALLEN was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

233.    Plaintiff SUSAN ALLISON is and at all relevant times was a citizen and resident of the State of Florida.  Plaintiff SUSAN ALLISON brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of

being prescribed and ingesting LIPITOR, Plaintiff SUSAN ALLISON was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

234.    Plaintiff PEARLINE ANDERSON is and at all relevant times was a citizen and resident of the State of California.  Plaintiff PEARLINE ANDERSON brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff PEARLINE ANDERSON was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

235.    Plaintiff SARAH ARFT is and at all relevant times was a citizen and resident of the State of Missouri.  Plaintiff SARAH ARFT brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff SARAH ARFT was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

236.    Plaintiff CONSTANCE DON AROMA is and at all relevant times was a citizen and resident of the State of Florida.  Plaintiff CONSTANCE DON AROMA brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff CONSTANCE DON AROMA was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

237.    Plaintiff REVA ATKINS is and at all relevant times was a citizen and resident of the State of Indiana.  Plaintiff REVA ATKINS brings this action for personal injuries sustained

by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff REVA ATKINS was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

238. Plaintiff GLORIA AVERETT is and at all relevant times was a citizen and resident of the State of Alabama. Plaintiff GLORIA AVERETT brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff GLORIA AVERETT was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

239. Plaintiff CHRISTINE BACZYNSKI is and at all relevant times was a citizen and resident of the State of Pennsylvania. Plaintiff CHRISTINE BACZYNSKI brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff CHRISTINE BACZYNSKI was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

240. Plaintiff LOTTIE BAGLEY is and at all relevant times was a citizen and resident of the State of Georgia. Plaintiff LOTTIE BAGLEY brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff LOTTIE BAGLEY was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

241. Plaintiff AMIRA BAJRIC is and at all relevant times was a citizen and resident of

the State of Texas.  Plaintiff AMIRA BAJRIC brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff AMIRA BAJRIC was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

242.   Plaintiff CARLA BANKS is and at all relevant times was a citizen and resident of the State of Kansas.  Plaintiff CARLA BANKS brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff CARLA BANKS was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

243.   Plaintiff JONELL BARBEE is and at all relevant times was a citizen and resident of the State of Georgia.  Plaintiff JONELL BARBEE brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff JONELL BARBEE was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

244.   Plaintiff MARGARET BECK is and at all relevant times was a citizen and resident of the State of North Carolina.  Plaintiff MARGARET BECK brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff MARGARET BECK was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

245.   Plaintiff EVA JEAN BELLE is and at all relevant times was a citizen and resident of the State of Missouri.  Plaintiff EVA JEAN BELLE brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff EVA JEAN BELLE was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

246.   Plaintiff SANDRA BENHAM is and at all relevant times was a citizen and resident of the State of Michigan.  Plaintiff SANDRA BENHAM brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff SANDRA BENHAM was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

247.   Plaintiff HATTIE BENNETT is and at all relevant times was a citizen and resident of the State of Georgia.  Plaintiff HATTIE BENNETT brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff HATTIE BENNETT was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

248.   Plaintiff DENISE BENNETT is and at all relevant times was a citizen and resident of the State of Missouri.  Plaintiff DENISE BENNETT brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff DENISE BENNETT was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a

result of ingestion of and/or exposure to LIPITOR.

249.    Plaintiff LINDA BENTLEY is and at all relevant times was a citizen and resident of the State of Michigan.  Plaintiff LINDA BENTLEY brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff LINDA BENTLEY was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

250.    Plaintiff HERTHA BERRY is and at all relevant times was a citizen and resident of the State of Mississippi.  Plaintiff HERTHA BERRY brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff HERTHA BERRY was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

251.    Plaintiff MARION BINION is and at all relevant times was a citizen and resident of the State of Florida.  Plaintiff MARION BINION brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff MARION BINION was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

252.    Plaintiff MARSHA BLAIR is and at all relevant times was a citizen and resident of the State of Ohio.  Plaintiff MARSHA BLAIR brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff MARSHA BLAIR was diagnosed with

Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

253.   Plaintiff DELINA BLANKENSHIP is and at all relevant times was a citizen and resident of the State of West Virginia.  Plaintiff DELINA BLANKENSHIP brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff DELINA BLANKENSHIP was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

254.   Plaintiff FRANCIS BOOSE is and at all relevant times was a citizen and resident of the State of Mississippi.  Plaintiff FRANCIS BOOSE brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff FRANCIS BOOSE was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

255.   Plaintiff KATHY BORTON is and at all relevant times was a citizen and resident of the State of Iowa.   Plaintiff KATHY BORTON brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff KATHY BORTON was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

256.   Plaintiff LORETTA BRODERICK is and at all relevant times was a citizen and resident the State of Ohio.  Plaintiff LORETTA BRODERICK brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate

result of being prescribed and ingesting LIPITOR, Plaintiff LORETTA BRODERICK was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

257.   Plaintiff SAUNDRA BROWN is and at all relevant times was a citizen and resident of the State of Maryland.  Plaintiff SAUNDRA BROWN brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff SAUNDRA BROWN was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

258.   Plaintiff VANGE BROWN is and at all relevant times was a citizen and resident of the State of Texas.  Plaintiff VANGE BROWN brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff VANGE BROWN was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

259.   Plaintiff MELVINA LANDRY is and at all relevant times was a citizen and resident of the State of Delaware.  Plaintiff MELVINA LANDRY brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff MELVINA LANDRY was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

260.   Plaintiff DIANA AUGER is and at all relevant times was a citizen and resident of the State of New York.  Plaintiff DIANE AUGER brings this action for personal injuries

sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff DIANA AUGER was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

261.    Plaintiff DONNA CALLAGHAN is and at all relevant times was a citizen and resident of the State of New York.  Plaintiff DONNA CALLAGHAN brings this action for personal injuries sustained by the use of LIPITOR (atorvastatin calcium), and as a direct and proximate result of being prescribed and ingesting LIPITOR, Plaintiff DONNA CALLAGHAN was diagnosed with Diabetes Mellitus Type II and/or suffered other physical disease, injury, or ailment as a result of ingestion of and/or exposure to LIPITOR.

## JURISDICTION AND VENUE

262.    Consistent with the Due Process Clause of the Fifth and Fourteenth Amendments, this Court has in personam jurisdiction over the Defendant, because Defendant is present in the State of Illinois such that requiring an appearance does not offend traditional notions of fair play and substantial justice.

263.    This Court has personal jurisdiction over the Defendant, pursuant to, and consistent with, Illinois' long-arm statute (735 ILCS 5/2-209) and the Constitutional requirements of Due Process in that the Defendant acting through its agents or apparent agents, committed one or more of the following:

a.    Defendant transacted business in the State of Illinois, 735 ILCS 5/2-209(a)(1);

b.    Defendant committed of a tortious act within the State of Illinois, 735 ILCS 5/2-209(a)(2);

c.       Defendant owned, used or possessed real estate situated in the State of Illinois, 735 ILCS 5/2-209(a)(3);

d.       Defendant made or performed a contract or promise substantially connected within this state, 735 ILCS 5/2-209(a)(7);

e.       Defendant does business in and within Illinois, 735 ILCS 5/2-209(b)(4);  and

f.       Requiring Defendant to litigate this claim in Illinois does not offend traditional notions of fair play and substantial justice and is permitted by the United States Constitution.

264.    Defendant marketed, promoted, and sold the LIPITOR concerned in this litigation throughout the United States, including St. Clair County, Illinois, and the transaction at issue or some part thereof out of which the causes of action arise occurred in Illinois.  Accordingly venue is proper under 735 ILCS 5/1-108 and 2-101 of the Illinois Code of Civil procedure.

**GENERAL ALLEGATIONS**

265.    This is a civil action brought on behalf of Plaintiffs regarding damages which were proximately caused by the ingestion of LIPITOR by Plaintiffs.  These individuals are referred to herein as "Plaintiffs."

266.    At all times relevant herein, Defendant was in the business of designing, testing, manufacturing, labeling, advertising, marketing, testing, promoting, selling and distributing pharmaceuticals, including LIPITOR, and other products for use by the mainstream public, including Plaintiffs.

267.    LIPITOR was designed, manufactured, marketed, distributed and sold to the Plaintiffs by Defendant, which gives rise to the causes of action and the injuries sustained as a

direct and proximate result of such ingestion.

268.   LIPITOR is prescribed to reduce the amount of cholesterol and other fatty substances in the blood.

269.   Parke-Davis Pharmaceutical Research, a division of Warner-Lambert Company obtained approval from the Food and Drug Administration ("FDA") to market LIPITOR on December 17, 1996.  Warner-Lambert entered into a co-marketing agreement with Pfizer to sell LIPITOR, and thereafter those companies began distributing and selling LIPITOR throughout the United States in 1997.  On June 19, 2000 Pfizer acquired Warner Lambert and all rights to LIPITOR.

270.   Despite its knowledge of data indicating that LIPITOR use is causally related to the development of type 2 diabetes and/or blood glucose levels diagnostic for type 2 diabetes, Pfizer promoted and marketed LIPITOR as safe and effective for persons such as Plaintiffs throughout the United States, including in the State of Illinois.

271.   On August 11, 2011, the Division of Metabolism and Endocrinology Products of the FDA requested that Defendant Pfizer make labeling changes for LIPITOR based upon the FDA's comprehensive review, including clinical trial data.

272.   In February 2012, Pfizer added the following language to its Warnings and Precautions Section: "Increases in HbAlc and fasting serum glucose levels have been reported with HMG-CoA reductase inhibitors, including LIPITOR."

273.   Despite the February 2012 label change, LIPITOR's label continued to fail to clearly warn consumers of the serious risk of developing type 2 diabetes per se when using LIPITOR.

274.   Defendant sold or aided and abetted in the sale of LIPITOR which was and is

defective and unreasonably dangerous. At all pertinent times, Defendant knew, or should have known, that LIPITOR was and is hazardous to human health.

275. Defendant, through its funding and control of certain studies concerning the effects of LIPITOR on human health, its control over trade publications, promoting, marketing, and/or through other agreements, understandings and joint undertakings and enterprises, conspired with, cooperated with and/or assisted in the wrongful suppression, active concealment and/or misrepresentation of the true relationship between LIPITOR and type 2 diabetes, to the detriment of the public health, safety and welfare and thereby causing harm to the State.

276. Specifically, and in addition to the allegations above, Defendant knew of the hazards associated with LIPITOR; affirmatively and actively concealed information which clearly demonstrated the dangers of LIPITOR and affirmatively misled the public and prescribing physicians with regard to the material and clear risks of LIPITOR with the intent that prescribing physicians would continue to prescribe LIPITOR. Defendant well knew that prescribing physicians would not be in a position to know the true risks of LIPITOR and Defendant knew that prescribing physicians would rely upon the misleading information that they promulgated.

277. At all pertinent times, Defendant purposefully and intentionally engaged in these activities, and continues to do so, knowing full well that when the general public, including Plaintiffs, use LIPITOR as Defendant intended, that Plaintiffs would be substantially certain to suffer disease, injury and sickness.

278. The statements, representations and promotional schemes publicized by Defendant were deceptive, false, incomplete, misleading and untrue. Defendant knew, or should have known, that its statements, representations and advertisements were deceptive, false,

incomplete, misleading and untrue at the time of making such statements.  Defendant had an economic interest in making such statements.  Neither the Plaintiffs nor the physicians who prescribed LIPITOR to them had knowledge of the falsity or untruth of Defendant's statements, representations and advertisements when prescriptions for LIPITOR were written.  Moreover, Plaintiffs and Plaintiffs' physicians had a right to rely on Defendant's statements, representations and advertisements.  Each of the statements, representations and advertisements were material to the Plaintiffs' purchase of LIPITOR in that the Plaintiffs would not have purchased LIPITOR if Plaintiffs had known that Defendant's statements, representations and advertisements were deceptive, false, incomplete, misleading and untrue.  These acts were designed to and did in fact allow Defendant to earn substantial income from the sale of LIPITOR.

279.    Plaintiffs had a right to rely upon the representations of Defendant and were directly and proximately injured by such reliance, all as described above.

280.    Had Plaintiffs been adequately warned of the increased risk of injuries and life threatening side effects, they would have chosen to request other prescription medications and avoided LIPITOR's injuries and potential life threatening side effects.

281.    Plaintiffs were prescribed LIPITOR by a physician(s) authorized to prescribe LIPITOR, ingested LIPITOR as prescribed, and as a result suffered damages and injury.

282.    Plaintiffs were prescribed LIPITOR and used it as directed.

283.    Plaintiffs were prescribed LIPITOR to lower their levels of low-density lipoprotein ("LDL").

284.    Plaintiffs agreed to initiate LIPITOR treatment in an effort to reduce their risk of developing heart disease.

285.    Plaintiffs developed type 2 diabetes after initiating their LIPITOR treatment.

286.    Plaintiffs were diagnosed with type 2 diabetes while still taking LIPITOR.  As a result, for the rest of their lives they must undergo regular testing of their blood glucose levels, adhere to a restrictive diabetic diet, and take medication to control their diabetes, due to their diabetes, they are now at a markedly increased risk of heart disease, blindness, neuropathy, and kidney disease.

287.    Defendant negligently, recklessly and wantonly failed to warn Plaintiffs, Plaintiffs' physicians and the general public, of the risks associated with taking LIPITOR. Defendant failed to do so even after various studies, including its own, showed that there were problems concerning the risk diabetes associated with LIPITOR.

288.    Defendant endeavored to deceive Plaintiffs, and the general public, by not disclosing the findings of the various studies, including its own that revealed problems concerning the dangers of LIPITOR.

289.    Further, Defendant did not provide warnings and instructions that would have put Plaintiffs and Plaintiffs' physicians, and the general public, on notice of the dangers and adverse effects caused by LIPITOR.

290.    Defendant designed, manufactured, distributed, sold and/or supplied LIPITOR and placed LIPITOR into the stream of commerce in a defective and unreasonably dangerous condition, taking into consideration the utility of the drug and the risk to Plaintiffs and the general public.

291.    LIPITOR as designed, manufactured, distributed, sold and/or supplied by Defendant was defective as marketed due to inadequate warnings, instructions and/or labeling.

292.    LIPITOR as designed, manufactured, distributed, sold and/or supplied by Defendant was defective due to inadequate testing before and after Defendant's knowledge of

the various studies, including its own, evidencing the rightful concerns over the risks of diabetes and diabetes-related injuries associated with LIPITOR.

293.	The nature of the Plaintiffs' injuries and their relationship to LIPITOR use were inherently undiscoverable; and, consequently, the discovery rule should be applied to toll the running of the statute of limitations until Plaintiffs knew or through the exercise of reasonable care and diligence should have known of the existence of their claims against Defendant. Plaintiffs did not discover, and through the exercise of reasonable care and due diligence, could not have discovered, their injuries earlier.

294.	Further, Plaintiffs did not have knowledge of facts that would lead a reasonable, prudent person to make inquiry to discover Defendant's tortious conduct.  Under appropriate application of the discovery rule, Plaintiffs' suit was filed well within the applicable statutory limitations period.

295.	Defendant is estopped from asserting a statute of limitations defense because they fraudulently concealed from Plaintiffs the nature of Plaintiffs' injuries and the connection between the injury and LIPITOR.

296.	Defendant has over-promoted LIPITOR, thus eliminating a defense of learned intermediary.

297.	LIPITOR fails to meet reasonable consumer expectations, thus eliminating the defense of learned intermediary.

298.	Defendant failed to properly disclose to the FDA and the public, information necessary to allow an informed decision to be made with regard to the contents of the label and/or the approved uses of LIPITOR.

<u>**TIMELINESS AND TOLLING OF STATUTES OF LIMITATIONS**</u>

299.    The ingestion of LIPITOR caused Plaintiffs to sustain personal injuries occurring during the limitations period applicable to their claims for relief.

300.    Alternatively and additionally, to the extent that the use of LIPITOR and any injury sustained thereby by Plaintiffs pre-dates the applicable limitations period, despite exercising reasonable diligence and care, Plaintiffs did not discover, and would not have discovered through the exercise of reasonable diligence and care, the fact of the injuries of Plaintiffs and the causal connection between the injuries and LIPITOR until a time within the applicable period of limitations.

301.    Alternatively and additionally, the running of any statutes of limitations has been tolled by reason of Defendant's fraudulent concealment. Defendant, through affirmative misrepresentations and omissions, actively concealed from Plaintiffs and their prescribing physicians the true risks associated with taking LIPITOR and Plaintiff's potential cause of action against them.

302.    Defendant falsely represented or concealed material facts concerning the dangers and risks of LIPITOR use.  Defendant was aware of the dangerous propensities of LIPITOR at the time that they made the misrepresentations.  Plaintiff, however, was ignorant of the true risks and effects of LIPITOR use.  Defendant made the false representations and concealments with the intent that physicians prescribe LIPITOR and for Plaintiffs to continue to purchase and ingest it.  As a result of Defendant's conduct, Plaintiffs suffered injuries.

303.    Plaintiffs could not have gained sufficient information to put him on notice that uncontrollable bleeding such as he suffered was associated with ingestion of LIPITOR. Defendant has maintained that there was no association between its drug and Plaintiff's diabetes and other physical injuries.  Defendant cannot assert any statute of limitations defense to the

claims alleged herein.

## CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY – FAILURE TO WARN

304.   Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth herein.

305.   Defendant is liable under the theory of strict products liability.  Defendant was at all times relevant to this suit, and are now, engaged in the business of designing, manufacturing, testing, marketing, and placing into the stream of commerce pharmaceuticals for sale to, and use by, members of the public, including the LIPITOR at issue in this lawsuit.  The LIPITOR manufactured by Defendant reached Plaintiffs without substantial change and was ingested as directed.  The LIPITOR was defective and unreasonably dangerous when it entered into the stream of commerce and when used by Plaintiffs.

306.   Defendant, as a manufacturer of pharmaceutical drugs, is held to the level of knowledge of an expert in the field, and further, Defendant knew or should have known that warnings and other clinically relevant information and data which it distributed regarding the risks of diabetes and other injuries and death associated with the use of LIPITOR were inadequate.

307.   Plaintiffs and their physicians did not have the same knowledge as Defendant and no adequate warning or other clinically relevant information and data was communicated to Plaintiffs or their treating physicians.

308.   Defendant had a continuing duty to provide consumers, including Plaintiffs and their physicians, with warnings and other clinically relevant information and data regarding the risks and dangers associated with LIPITOR, as it became or could have become available to

Defendant.

309. Defendant marketed, promoted, distributed and sold an unreasonably dangerous and defective prescription drug, LIPITOR, to health care providers empowered to prescribe and dispense LIPITOR to consumers, including Plaintiffs, without adequate warnings and other clinically relevant information and data. Through both omission and affirmative misstatements, Defendant misled the medical community and consumers about the risk and benefit balance of LIPITOR, which resulted in injury to Plaintiffs.

310. Despite the fact that Defendant knew or should have known that LIPITOR caused unreasonable and dangerous side effects, they continued to promote and market LIPITOR without stating that there existed safer and more or equally effective alternative drug products and/or providing adequate clinically relevant information and data.

311. Defendant knew or should have known that consumers, Plaintiffs specifically, would foreseeably and needlessly suffer injury as a result of Defendant's failure to warn.

312. Defendant failed to provide timely and adequate warnings to physicians, pharmacies, and consumers, including Plaintiffs and their intermediary physicians, in the following ways:

a. Defendant failed to include adequate warnings and/or provide adequate clinically relevant information and data that would alert Plaintiffs and their physicians to the dangerous risks of LIPITOR, including, among other things, diabetes;

b. Defendant failed to provide adequate post-marketing warnings and instructions after the Defendant knew or should have known of the significant risks of, among other things, diabetes;

c. Defendant continued to aggressively promote and sell LIPITOR, even after they knew or should have known of the unreasonable risks of diabetes from this drug.

313. Defendant had an obligation to provide Plaintiffs and their physicians with adequate clinically relevant information and data and warnings regarding the adverse health risks

associated with exposure to LIPITOR, and/or that there existed safer and more or equally effective alternative drug products.

314. By failing to provide Plaintiffs and their physicians with adequate clinically relevant information and data and warnings regarding the adverse health risks associated with exposure to LIPITOR, and/or that there existed safer and more or equally effective alternative drug products, Defendant breached its duty of reasonable care and safety, with the proximate result that Plaintiffs was injured.

315. Defendant's actions as described hereinabove were performed willfully, intentionally, and with malice or with a reckless disregard for the life and safety of Plaintiffs and the public so as to warrant an award of punitive damages as well as compensatory damages to Plaintiffs.

316. Defendant's actions described above violated the federal and state Food, Drug and Cosmetic Acts and rendered LIPITOR misbranded.

317. As a direct and proximate result of the actions and inactions of the Defendant as set forth above, Plaintiffs was exposed to LIPITOR and suffered the injuries and damages set forth hereinabove.

WHEREFORE, the Plaintiffs demand judgment in their favor and against the Defendant in a sum in excess of $75,000; for costs herein incurred; attorneys fees; for such other and further relief as this Court deems just and proper.

## COUNT II
### STRICT LIABILITY – DESIGN DEFECT

318. Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth herein.

319. At all times material to this action, Defendant was responsible for designing,

developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling to its distributors and otherwise putting LIPITOR into the stream of commerce.

320.    LIPITOR is defective and unreasonably dangerous to consumers.

321.    LIPITOR is defective in its design and/or formulation in that it is not reasonably fit, suitable, or safe for its intended purpose and/or its foreseeable risks exceed the benefits associated with its design and formulation.

322.    At all times material to this action, LIPITOR was expected to reach, and did reach, consumers throughout the United States, including Plaintiffs herein, without any significant change in the condition in which LIPITOR was sold.

323.    At all times material to this action, LIPITOR was designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled, and/or sold to its distributors and otherwise put into the stream of commerce by Defendant in a defective and unreasonably dangerous condition at the time it was placed in the stream of commerce in ways which include, but are not limited to, one or more of the following particulars:

a.    When placed in the stream of commerce, LIPITOR contained unreasonably dangerous design defects and was not reasonably safe as intended to be used, subjecting Plaintiffs to risks that exceeded the benefits of LIPITOR, including but not limited to the risks of developing diabetes, which cause serious, crippling injuries and even death in an unacceptably high number of its users;

b.    When placed in the stream of commerce, LIPITOR was defective in formulation, making the use of LIPITOR more dangerous than an ordinary consumer would expect, and more dangerous than other risks associated with the cholesterol reduction and similar drugs on the market for the reduction of cholesterol in patients;

c.    The design defects in LIPITOR existed before the product left the control of the Defendant;

d.    LIPITOR was insufficiently tested;

e.    LIPITOR causes harmful side effects that outweighed any potential utility;

f.    LIPITOR is not accompanied by adequate instructions and/or warnings to fully apprise consumers, including Plaintiffs herein, of the full nature and extent of the risks and side effects associated with its use, thereby rendering Defendant liable to Plaintiffs, individually and collectively; and

g.    LIPITOR is not accompanied by adequate instructions and/or warnings to fully apprise physicians of the full nature and extent of the risks and side effects associated with its use, thereby rendering Defendant liable to Plaintiffs, individually and collectively.

324.   In addition, at the time LIPITOR left the control of Defendant, there were practical and feasible alternative designs that would have prevented and/or significantly reduced the risk of Plaintiffs' injuries without impairing the reasonably anticipated or intended function of the product.  These safer alternative designs were economically and technologically feasible, and would have prevented or significantly reduced the risk of Plaintiffs' injuries without substantially impairing the utility of LIPITOR.

325.   In addition, at the time LIPITOR left the control of Defendant there were practical and feasible alternative formulations that would have prevented and/or significantly reduced the risk of Plaintiffs' injuries without impairing the reasonably anticipated or intended function of LIPITOR.  These safer alternative formulations were economically and technologically feasible and would have prevented or significantly reduced the risk of Plaintiffs' injuries without substantially impairing the utility of LIPITOR.

326.   As the proximate cause and legal result of the defective condition of LIPITOR as designed and/or manufactured and/or supplied and/or distributed by Defendant and as a direct and legal result of the conduct of Defendant described herein, Plaintiffs has been damaged.

WHEREFORE, the Plaintiffs demand judgment in their favor and against the Defendant in a sum in excess of $75,000; for costs herein incurred; attorneys fees; for such other and further relief as this Court deems just and proper.

### COUNT III
### NEGLIGENCE

327.   Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set

forth herein.

328. Defendant owed a duty to the general public and specifically to Plaintiffs to exercise reasonable care in the design, study, development, manufacture, promotion, sale, marketing and distribution of its prescription medications, including the LIPITOR at issue in this lawsuit. Defendant failed to exercise reasonable care in the design of LIPITOR because as designed, it was capable of causing serious personal injuries such as those suffered by Plaintiffs during foreseeable use. Defendant also failed to exercise reasonable care in the marketing of LIPITOR because they failed to warn, that as designed, LIPITOR was capable of causing serious personal injuries such as those suffered by Plaintiffs during foreseeable use.

329. Defendant breached its duty and were negligent by, but not limited to, the following actions, misrepresentations, and omissions toward Plaintiffs:

      a. Failing to use due care in developing, testing, designing and manufacturing LIPITOR so as to avoid the aforementioned risks to individuals when LIPITOR was being used for treatment;

      b. Failing to accompany its product with proper or adequate warnings or labeling regarding adverse side effects and health risks associated with the use of LIPITOR and the comparative severity and duration of such adverse effects;

      c. In disseminating information to Plaintiffs and their physicians that was negligently and materially inaccurate, misleading, false, and unreasonably dangerous to patients such as Plaintiffs;

      d. Failing to accompany its products with proper or adequate rate of incidence or prevalence of diabetes;

      e. Failing to provide warnings or other information that accurately reflected the symptoms, scope, and severity of the side effects and health risks;

      f. Failing to conduct adequate pre-clinical and clinical testing and post-marketing surveillance to determine the safety of LIPITOR;

      g. Failing to warn Plaintiffs, the medical and healthcare community, and consumers that the product's risk of harm was unreasonable and that there were safer and effective alternative medications available to Plaintiffs and other consumers;

      h. Failing to provide adequate training or information to medical care providers for appropriate use and handling of LIPITOR and patients taking LIPITOR;

i.      Failing adequately to test and/or warn about the use of LIPITOR, including, without limitations, the possible adverse side effects and health risks caused by the use of LIPITOR;

j.      In designing, manufacturing, and placing into the stream of commerce a product which was unreasonably dangerous for its reasonably foreseeable use, which Defendant knew or should have known could cause injury to Plaintiffs;

k.      Failing to remove LIPITOR from the market when Defendant knew or should have known of the likelihood of serious side effects and injury to its users;

l.      Failing to adequately warn users, consumers and physicians about the severity, scope and likelihood of diabetes and related dangerous conditions to individuals taking LIPITOR; and

m.      Representing to physicians, including but not limited to Plaintiffs and their prescribing physicians, that this drug was safe and effective for use.

330.    The LIPITOR that injured Plaintiffs was in substantially the same condition when Plaintiffs ingested it as it was in when it left the control of Defendant.  LIPITOR'S ability to cause serious personal injuries and damages such as those suffered by Plaintiffs was not due to any voluntary action or contributory negligence of Plaintiffs.  Plaintiffs consumed the LIPITOR as directed and without change in its form or substance.

331.    Defendant's failure to exercise reasonable care in the design, dosing information, marketing, warnings, and/or manufacturing of LIPITOR was a proximate cause of Plaintiffs' injuries and damages.

332.    Plaintiffs seek all damages to which they may be justly entitled.

WHEREFORE, the Plaintiffs demand judgment in their favor and against the Defendant in a sum in excess of $75,000; for costs herein incurred; attorneys fees; for such other and further relief as this Court deems just and proper.

## COUNT IV
## NEGLIGENCE PER SE

333.    Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth herein.

334.    As part of its duty to exercise reasonable care, Defendant was obliged to follow

public laws and regulations enacted and promulgated to protect the safety of persons such as Plaintiffs, including 21 U.S.C. §§ 331(a) & 352, and other statutes and regulations, which make it unlawful to misbrand prescription drug products.

335.    The labeling, including package inserts, for LIPITOR failed to conform to the requirements of 21 U.S.C. § 352, including subsections (a), (c), and (f), and the requirements of 21 C.F.R. § 201.100(c)(1), and, therefore, violated 21 U.S.C. § 331(a), which prohibits "[t]he introduction or delivery for introduction into interstate commerce of any food, drug, device, or cosmetic that is adulterated or misbranded."

336.    Specifically, the product label and package insert for LIPITOR is misbranded within the meaning of 21 U.S.C. § 352(a) and (f) because it was false and misleading and failed to give adequate warnings and directions for use by physicians who prescribe LIPITOR.

337.    LIPITOR is misbranded pursuant to 21 U.S.C. § 352 because words, statements, or other information required by or under authority of 21 U.S.C. § 352 are not prominently placed thereon with such conspicuousness and in such terms as to render it likely to be read and understood by the ordinary individual under customary conditions of purchase and use.

338.    LIPITOR is misbranded pursuant to 21 U.S.C. § 352 because the labeling does not bear adequate directions for use, and/or the labeling does not bear adequate warnings against use where its use may be dangerous to health or against unsafe dosage or methods or duration of administration or application, in such manner and form as are necessary to protect users.

339.    LIPITOR is misbranded pursuant to 21 U.S.C. § 352 because it is dangerous to health when used in the dosage or manner, or with the frequency or duration prescribed, recommended, or suggested in the labeling thereof.

340.    Because the Defendant had a statutory duty under 21 U.S.C. § 352(a) and (f) not

to misbrand LIPITOR, and because each of them violated this duty, they were guilty of negligence per se.

341. LIPITOR is further misbranded pursuant to 21 C.F.R. § 201.56 because the labeling was not updated as new information became available that caused the labeling to become inaccurate, false, or misleading.

342. Defendant also violated 21 C.F.R. § 201.57 because they failed to identify specific tests needed for selection or monitoring of patients who took the prescription drug LIPITOR.

343. Defendant violated 21 C.F.R. § 201.57 because the safety considerations regarding LIPITOR are such that the drug should be reserved for certain situations, and the Defendant failed to state such information.

344. LIPITOR is mislabeled pursuant to 21 C.F.R. § 201.57 because the labeling fails to describe serious adverse reactions and potential safety hazards, limitations in use imposed by it, and steps that should be taken if they occur.

345. LIPITOR is mislabeled pursuant to 21 C.F.R. § 201.57 because the labeling was not revised to include a warning as soon as there was reasonable evidence of an association of a serious hazard with the drug (i.e., diabetes).

346. LIPITOR is mislabeled pursuant to 21 C.F.R. § 201.57 because the labeling does not state an upper limit dosing beyond which safety and effectiveness have not been established.

347. LIPITOR violates 21 C.F.R. § 210.122 because the labeling and packaging materials do not meet the appropriate specifications.

348. LIPITOR violates 21 C.F.R. § 310.303 in that it is not safe and effective for its intended use.

349.    Defendant violated 21 C.F.R. §§ 310.305 & 314.80 by failing to report adverse events associated with LIPITOR as soon as possible or at least within 15 days of the initial receipt by the Defendant of notice of the adverse drug experiences.

350.    Defendant violated 21 C.F.R. §§ 310.305 & 314.80 by failing to conduct an investigation of each adverse event associated with LIPITOR, evaluate the cause of the adverse event, submit follow-up reports within the prescribed 15 calendar days of receipt of new information or as requested by the FDA, and keep records of the unsuccessful steps taken to seek additional information regarding serious, unexpected adverse drug experiences.

351.    Defendant violated 21 C.F.R. § 314.80 by failing to provide periodic reports to the FDA containing (a) a narrative summary and analysis of the information in the report and an analysis of the 15-day Alert reports submitted during the reporting interval, (b) an Adverse Reaction Report for each adverse drug experience not already reported under the Post marketing 15-day Alert report, (c) a history of actions taken since the last report because of adverse drug experiences (for example, labeling changes or studies initiated) and/or (d) a copy of the published article from scientific or medical journals along with one or more 15-day Alert reports based on information from the scientific literature.

352.    Defendant violated 21 C.F.R. § 312.32 because they failed to review all information relevant to the safety of LIPITOR or otherwise received by Defendant from sources, foreign or domestic, including information derived from any clinical or epidemiological investigations, animal investigations, commercial marketing experience, reports in the scientific literature, and unpublished scientific papers, as well as reports from foreign regulatory authorities that have not already been previously reported to the agency by the sponsor.

353.    Defendant failed to meet the standard of care set by the above statutes and

regulations, which were intended for the benefit of individual consumers such as Plaintiffs. Because Defendant violated the duties required by the above-referenced statutes and regulations, they were negligent per se and thus are liable to Plaintiffs.

WHEREFORE, the Plaintiffs demand judgment in their favor and against the Defendant in a sum in excess of $75,000; for costs herein incurred; attorneys fees; for such other and further relief as this Court deems just and proper.

## COUNT V
## NEGLIGENT MISREPRESENTATION

354.    Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth herein.

355.    The LIPITOR in question was originally formulated, designed, manufactured, marketed, and sold by Defendant.

356.    At the time the LIPITOR in question was sold, Defendant was in the business of formulating, designing, manufacturing, marketing, and selling products such as the one in question and knew that it would be used without inspection for defects.

357.    Defendant from the time that the LIPITOR at issue was first manufactured, marketed and distributed, and up to the present, made false misrepresentations, as previously set forth herein, to Plaintiffs, their physicians, and the general public, including but not limited to, the misrepresentation that LIPITOR was safe, fit and effective for human use.  At all times herein mentioned, the Defendant conducted a sales and marketing campaign to promote the sale of LIPITOR and willfully deceived Plaintiffs, their physicians, and the general public as to the health risks and consequences of the use of LIPITOR.

358.    The Defendant made the foregoing representations without any reasonable ground for believing them to be true.  These representations were made directly by the Defendant

through its sales representatives and other authorized agents and in publications and other written materials directed to physicians and medical patients, with the intention of inducing reliance and the purchase and use of LIPITOR prescriptions.  The foregoing representations by the Defendant was in fact false, in that LIPITOR was not safe, fit, and effective for human use, and the use of LIPITOR is hazardous to health and has a serious propensity to cause serious injuries, including death, to users.

359.   The foregoing representations by the Defendant were made with the intention of inducing reliance and the prescription, purchase, and use of LIPITOR.

360.   In reliance on the misrepresentations by the Defendant, Plaintiffs was induced to purchase and use LIPITOR.  If Plaintiffs had known the true facts and the facts concealed by the Defendant, Plaintiffs would not have used LIPITOR.   The reliance of Plaintiffs upon Defendant's misrepresentations was justified because such misrepresentations were made and conducted by individuals and entities that were in a position to know the true facts.

361.   As a result of said negligence and carelessness of Defendant, Plaintiffs was caused to suffer the injuries described herein.

WHEREFORE, the Plaintiffs demand judgment in their favor and against the Defendant in a sum in excess of $75,000; for costs herein incurred; attorneys fees; for such other and further relief as this Court deems just and proper.

**COUNT VI**
**FRAUD**

362.   Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth herein.

363.   Defendant committed actual fraud by making material representations, which were false, knowing that such representations were false and/or with reckless disregard for the

truth or falsity of such representations, with the intent that Plaintiffs rely on such material representations; Plaintiffs acted in actual and justifiable reliance on such material misrepresentations and were injured as a result.

364. In addition, and in the alternative if necessary, Defendant knowingly omitted and downplayed material information, which omission constitutes a positive misrepresentation of material fact, with the intent that Plaintiffs rely on Defendant's misrepresentations; Plaintiffs acted in actual and justifiable reliance on Defendant's representations and was injured as a result.

365. Defendant committed constructive fraud by breaching one or more legal or equitable duties owed to Plaintiffs relating to the LIPITOR at issue in this lawsuit, said breach or breaches constituting fraud because of their propensity to deceive others or constitute an injury to public interests or public policy.

366. Defendant misrepresented to Plaintiffs and the health care industry the safety and effectiveness of LIPITOR and/or fraudulently, intentionally and/or negligently concealed material information, including adverse information regarding the safety and effectiveness of LIPITOR.

367. Defendant made these misrepresentations and actively concealed adverse information at a time when the Defendant knew, or should have known, that LIPITOR had defects, dangers, and characteristics that were other than what Defendant had represented to Plaintiffs and the health care industry generally. Specifically, Defendant misrepresented to and/or actively concealed from Plaintiffs and the consuming public that:

> a. LIPITOR had statistically significant increases in diabetes and other side effects which could result in serious, permanent injury or death; and/or
> b. LIPITOR had not been fully or adequately tested.

368. The misrepresentations of and/or active concealments alleged were perpetuated

directly and/or indirectly by Defendant.  Defendant knew or should have known that these representations were false and made the representations with the intent or purpose that Plaintiffs and/or her prescribing physicians would rely on them, leading to the use of LIPITOR.  At the time of Defendant's fraudulent misrepresentations, Plaintiffs and/or their prescribing physicians were unaware of the falsity of the statements being made and believed them to be true.  Plaintiffs and/or their prescribing physicians had no knowledge of the information concealed and/or suppressed by Defendant, and they justifiably relied on and/or were induced by the misrepresentations and/or active concealment and relied on the absence of safety information, which Defendant did suppress, conceal or failed to disclose, to Plaintiffs' detriment.

369.    Defendant had a post-sale duty to warn Plaintiffs, their prescribing and treating physicians, and the public about the potential risks and complications associated with LIPITOR in a timely manner.  The misrepresentations and active fraudulent concealment by the Defendant constitute a continuing tort against Plaintiffs, who purchased and/or ingested LIPITOR. Defendant made the misrepresentations and actively concealed information about the defects and dangers of LIPITOR with the intention and specific desire that Plaintiffs and the consuming public would rely on such or the absence of information in selecting LIPITOR as treatment.

370.    As a direct and proximate result of the fraudulent acts and omissions, suppression, and misrepresentation of Defendant, Plaintiffs suffered the injuries and damages described herein.

WHEREFORE, the Plaintiffs demand judgment in their favor and against the Defendant in a sum in excess of $75,000; for costs herein incurred; attorneys fees; for such other and further relief as this Court deems just and proper.

**COUNT VII**
**BREACH OF WARRANTY – MERCHANTABILITY**

371.   Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth herein.

372.   Defendant was at the time of the acts forming the basis of this lawsuit, and now are, merchants with respect to the LIPITOR at issue in this lawsuit.  Defendant has impliedly warranted to the public generally and specifically to Plaintiffs that LIPITOR was merchantable and fit for safe use for lowering cholesterol, the purpose for which Defendant marketed LIPITOR.  LIPITOR was not merchantable as warranted because, as designed, LIPITOR was capable of causing serious personal injuries such as those suffered by Plaintiffs during foreseeable use.  Therefore, Defendant has breached the implied warranty of merchantability with respect to LIPITOR.

373.   As a direct and proximate result of Defendant's breach and violation of the warranty of merchantability, Plaintiffs sustained serious and permanent injuries and damages as described herein.

WHEREFORE, the Plaintiffs demand judgment in their favor and against the Defendant in a sum in excess of $75,000; for costs herein incurred; attorneys fees; for such other and further relief as this Court deems just and proper.

**COUNT VIII**
**<u>BREACH OF WARRANTY – FITNESS FOR A PARTICULAR PURPOSE</u>**

374.   Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth herein.

375.   Defendant knew that consumers such as Plaintiffs would require LIPITOR for safe use for treatment of high cholesterol, and that consumers would rely on Defendant's skill and judgment to select suitable medications.  Defendant provided such skill and judgment by

marketing and selling LIPITOR for that purpose.  Plaintiffs relied on Defendant's skill and judgment when selecting and purchasing the LIPITOR at issue.  The LIPITOR used by Plaintiffs was not fit for its particular purpose because, as designed, LIPITOR was capable of causing serious personal injuries such as those suffered by Plaintiffs during foreseeable use.  Therefore, Defendant has breached and violated the implied warranty of fitness for a particular purpose with respect to LIPITOR.

376.    As a direct and proximate result of Defendant's breach and violation of the warranty of fitness for a particular purpose, Plaintiffs sustained the injuries and damages described herein.

WHEREFORE, the Plaintiffs demand judgment in their favor and against the Defendant in a sum in excess of $75,000; for costs herein incurred; attorneys fees; for such other and further relief as this Court deems just and proper.

## COUNT IX
## BREACH OF WARRANTY - EXPRESS WARRANTY

377.    Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth herein.

378.    Defendant researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed, promoted, sold, and/or otherwise released into the stream of commerce LIPITOR, and in the course of same directly advertised or marketed the product to health care professionals and consumers, including Plaintiffs.

379.    LIPITOR materially failed to conform to those representations made by Defendant in package inserts, and otherwise, concerning the properties and effects of LIPITOR, respectively manufactured and/or distributed and sold by Defendant, and which were relied upon by Plaintiffs and their health care providers.  Such failures by Defendant constituted a material

breach of express warranties concerning LIPITOR.

380.   As a direct, foreseeable, and proximate result of Defendant's breaches of express warranties, Plaintiffs suffered grievous bodily injury and consequent economic and other loss, as described above, when Plaintiffs' physicians, in reasonable reliance upon such express warranties, prescribed for Plaintiffs the use of LIPITOR.   Plaintiffs purchased and ingested LIPITOR as prescribed and instructed by Plaintiffs' physicians, leading to Plaintiffs' injuries.

WHEREFORE, the Plaintiffs demand judgment in their favor and against the Defendant in a sum in excess of $75,000; for costs herein incurred; attorneys fees; for such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

By:   __/s/John J. Driscoll_____
John J. Driscoll, IL #6276464
**THE DRISCOLL FIRM, P.C.**
211 N. Broadway, 40th Floor
St. Louis, Missouri  63102
314-932-3232 telephone
314-932-3233 facsimile
john@thedriscollfirm.com
Attorneys for Plaintiff